**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001096
26-JUN-2012
10:38 AM**

NO. CAAP-11-0001096

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KAREN RYAN, Plaintiff-Appellant,
v.
TERRENCE D. PALMER, MARY LYNNE BOLAND, KAHANA MANOR AOAO,
Defendants/Cross-Claim Defendants/Appellees,
and
ALPHA EXECUTIVE SECURITY, INC., LOWSON AND ASSOCIATES,
Defendants/Cross-Claim Plaintiffs/
Cross-Claim Defendants/Appellees,
and
JOHN DOES 1-5, JANE DOES 1-5, et al., Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0791(1))

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over Plaintiff-Appellant Karen Ryan's (Appellant

Ryan) appeal in Appeal No. CAAP-11-0001096 from the Honorable

Rhonda I.L. Loo's November 28, 2011 judgment and December 22,

2011 "Order Denying Plaintiff's Motion to Reconsider Order denying Motion to Set Aside Order of Dismissal, Filed 11/14/11" (the December 22, 2011 interlocutory order), because the November 28, 2011 judgment does not satisfy the requirements for an appealable final judgment under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994), and, absent an appealable final judgment, the December 22, 2011 interlocutory order is not eligible for appellate review.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). "Every judgment shall be set forth on a separate document." HRCP Rule 58. The Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions

of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id.

Although the parties asserted multiple claims through a complaint and multiple cross-claims, the November 28, 2011 judgment enters judgment only on the claims in Appellant Ryan's complaint. The November 28, 2011 judgment does not contain operative language that enters judgment on or dismisses the multiple cross-claims. Instead, the November 28, 2011 judgment merely summarizes that, at earlier times in this case, the circuit court entered

- a prior September 8, 2011 order dismissing Defendant/Cross-Claim Plaintiff/ Cross-Claim Defendant/Appellee Alpha Executive Security, Inc.'s, cross-claim, and
- a prior October 6, 2011 order dismissing Defendant/Cross-Claim Plaintiff/ Cross-Claim Defendant/Appellee Lowson Associates Lowson's cross-claim.

Language such as this within a judgment that describes past rulings does not have the operative effect of resolving, on its face, all of the parties' claims, as a judgment must do under the holding in Jenkins. Nor does the November 28, 2011 contain an express finding of no just reason for delay in the entry of judgment on one or more but less than all claims pursuant to HRCP Rule 54(b). Although the November 28, 2011 judgment concludes with a statement that "[t]here are no remaining claims or parties[,]" the Supreme Court of Hawai'i has specifically

-3-

explained that

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawaiʻi at 120 n.4, 869 P.2d at 1339 n.4 (emphases added). The November 28, 2011 judgment does not, on its face, resolve all of the parties' claims, and, thus, the November 28, 2011 judgment does not satisfy the requirements for an appealable final judgment under HRCP Rule 58 and the holding in Jenkins. Absent an appealable final judgment, the December 22, 2011 interlocutory order is an interlocutory order that is not eligible for appellate review. Therefore, we lack jurisdiction over Appeal No. CAAP-11-0001096.

Accordingly, IT IS HEREBY ORDERED that the appeal in Appeal No. CAAP-11-0001096 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, June 26, 2012.

Presiding Judge

Associate Judge

Associate Judge

-4-